**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MAURICE PERRY WHITE,
                    Appellant,

             v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
DC-0752-12-0502-X-1

DATE: September 20, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Marlo Grandberry, Norfolk, Virginia, for the appellant.

Michael Walby, Esquire, North Battle Creek, Michigan, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The administrative judge issued a compliance initial decision finding the agency in noncompliance with the August 3, 2012 initial decision, which became final on September 7, 2012.  For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2        On August 3, 2012, the administrative judge issued an initial decision reversing the appellant's removal from the position of Material Examiner and Identifier, WG-6912-06, because the agency violated the appellant's due process rights when the deciding official considered the appellant's 2003 probationary termination without providing the appellant notice of this specific information and an opportunity to respond. *White v. Department of Defense*, MSPB Docket No. DC-0752-12-0502-I-1, Initial Appeal File (IAF), Tab 11, Initial Decision (ID). The administrative judge ordered the agency to cancel the removal, retroactively restore him, effective April 25, 2012, and pay him the appropriate amount of back pay, with interest, and benefits. ID at 5. Additionally, the administrative judge ordered the agency to inform the appellant in writing of all actions taken to comply with the Board's order and the date on which it believes it had fully complied. ID at 5-6. The decision became final on September 7, 2012, as neither party filed a petition for review.

¶3        The appellant filed a petition for enforcement on January 30, 2013, contending that the agency failed to provide a statement showing the calculations of back pay and other benefits and that the information provided by the agency could not be used to ascertain whether the agency's calculations were in fact correct. *White v. Department of Defense*, MSPB Docket No. DC-0752-12-0502-C-1, Compliance File (CF), Tab 1 at 2. The appellant did, however, indicate that he received a corrected Standard Form 50 on September 10, 2012, and a "lump sum payment in November." *Id.* On May 29, 2013, the administrative judge issued a compliance initial decision finding that the agency failed to "inform appellant in writing of all actions taken to comply." CF, Tab 7, Compliance Initial Decision (CID). Specifically, the administrative judge found the agency's

documentation consisted of 38 pages of accounting codes and figures and "forced him to assume that the agency did everything required." CID.

¶4 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶5 On July 23, 2013, and February 24, 2015, the agency filed evidence of compliance, including a letter explaining the agency's calculations for the amount of back pay and interest that contained an explanation of the accounting codes at issue, and the end date of the back pay period (i.e., October 6, 2012) due to the appellant's removal on October 7, 2012. Because the appellant did not respond to the agency's evidence of compliance, nor dispute that the agency provided a written explanation of all actions taken to comply with the Board's order, we assume he is satisfied, find the agency in compliance, and dismiss the petition for enforcement. This is the final decision in this compliance proceeding.

**NOTICE TO THE APPELLANT REGARDING<br>YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.